IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-363 |
|---|---|
| v. | CIVIL ACTION NO. 19-5547 |
| DAVID CALHOUN | |

**ORDER**

On March 20, 2019, the Court denied Defendant David Calhoun's original Motion to Vacate, Set Aside, or Correct Sentence under 28 U.SC. § 2255 and granted a certificate of appealability.[1] Calhoun appealed this decision.[2] On December 2, 2019, Calhoun filed a second Motion to Vacate, Set Aside, or Correct Sentence.[3] The Court transferred the second motion to the Court of Appeals because Calhoun had not obtained prior approval from the Court of Appeals to file a second or successive motion.[4] On February 6, 2020, Calhoun filed a motion to alter the Court's judgment transferring the second motion to the Court of Appeals arguing that, because his original § 2255 motion was pending before the Court of Appeals, the December 2, 2019 motion [Doc. No. 734] should be construed not as a second or successive petition, but as a motion to amend his original § 2255 motion.[5] On the same day, Calhoun also filed a motion with

---

[1] Order of Mar. 20, 2019 [Doc. No. 711].

[2] *United States v. Calhoun*, No. 19-3310 (3d Cir.).

[3] Mot. Vacate, Set Aside, or Correct Sentence [Doc. No. 734].

[4] Order of Jan. 9, 2020 [Doc. No. 735].

[5] Mot. Alter Judgment [Doc. No. 736].

1

the Court of Appeals to transfer the December 2, 2019 motion [Doc. No. 734] back to this Court.[6]

On April 6, 2020, the Court of Appeals granted Calhoun's motion to transfer proceedings back to this Court, explaining that:

> Calhoun's appeal of the denial of his initial § 2255 motion is currently pending in this Court at docket number C.A. No. 19-3310. If this Court vacates or reverses the denial of the initial § 2255 motion, the District Court will then have jurisdiction to rule on Calhoun's subsequent 2255 motion, which the District Court should then construe as a motion to amend. If this Court affirms the denial of the initial § 2255 motion, the District Court should transfer the motion to amend to this Court to be adjudicated as an application to file a second or successive habeas petition.[7]

On September 3, 2020, the Court ordered that Calhoun's second Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 734] be stayed pending the Court of Appeal's resolution of Calhoun's appeal.[8] On January 23, 2023, the Court of Appeals issued a mandate affirming the judgment of this Court denying Calhoun's original Motion to Vacate, Set Aside, or Correct Sentence.[9]

**AND NOW**, this 30th day of January 2023, it appearing that this is Calhoun's second petition for habeas relief [Doc. No. 734], and it further appearing that Calhoun has not obtained prior approval from the Court of Appeals, as is required by statute 28 U.S.C. § 2244(b)(3)(A),[10] and upon consideration of the Order of the Court of Appeals dated April 6, 2020 [Doc. No. 740],

---

[6] *In re: David Calhoun*, No. 20-1088 (3d Cir.), Doc. No. 3.

[7] *Id.* at Doc. No. 4 (citations omitted).

[8] Order of Sept. 3, 2020 [Doc. No. 750].

[9] *United States v. Calhoun*, No. 19-3310 (3d Cir.), Doc. No. 92.

[10] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

it is **ORDERED** that, pursuant to 28 U.S.C. § 1631, the instant petition is **TRANSFERRED** to the Third Circuit Court of Appeals to determine whether the district court may consider the successive petition.

It is so **ORDERED.**

**BY THE COURT:**

 **/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**